## Commonwealth v. Polk, Jr.

*Louis G. Feldman*, district attorney, for Commonwealth.

*J. S. Russin*, for defendant.

PINOLA, J., January 7, 1954.—Defendant was arrested for fishing in a private lake on June 7, 1953, without first having obtained the permission of the owner.

There is no such crime. The proper charge should have been trespassing on posted land.

He was fined $25, which is in excess of the maximum of $10.

This case presents a novel question: May one fish from a bridge which is part of a State highway in water flowing under the bridge from a private lake adjoining the highway?

Lake Louise, situated in Franklin Township, this county, is a private lake. Two small streams flow into it and one stream flows from it into the headwaters of Sutton's Creek. The outlet passes under a bridge which forms part of a State highway, Legislative Route 40074. This road was laid out and surveyed on April 15, 1797, in proceedings had at April sessions, 1796, and recorded in Road Docket 1, page 215. The report of the viewers, which was approved April 20, 1797, did not fix the width of the road, but the width was fixed at 50 feet by the Act of April 11, 1868, P. L. 824.

Defendant rightly contends that he has a right to fish anywhere within 25 feet of the center line of the highway.

The bridge accommodates only two-lane traffic and, therefore, it does not cover the full width of the highway. It is approximately 24 feet wide. Defendant was fishing from the edge of the bridge directly into the stream below. He did not enter upon the land of the private owner nor upon any water covering any of his land. Accordingly, he committed no trespass and we, therefore, enter the following

*Order*

Now, January 7, 1954, at 11 a.m., we find the defendant "not guilty".